UNITED STATES, Appellee

v.

ALFRED L. CLEMENTS, Private First Class, U. S. Army, Appellant

1 USCMA 39, 1 CMR 39

No. 82

Decided November 14, 1951

1ST. LT. Jack G. VanDeventer, USA, for Appellant.
MAJ. Augustus A. Marchetti, USA, for Appellee.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The petition for review was granted by us in the instant case because it presented the issue of the competency of morning reports when they had been signed by some one other than the commanding officer of the reporting unit. The contentions made in this case are, with one exception, identical with those asserted in United States v. Masusock (No. 15), 1 USCMA 32, 1 CMR 32, decided November 9, 1951, and that opinion is controlling over the issues common to both.

The petitioner was tried by general court-martial on a charge of being absent without proper leave in violation of the 61st Article of War. The specifications set out four separate violations between November 20, 1950, and March 16, 1951. The court entered a plea of not guilty after petitioner's failure to plead; found him guilty of all the specifications and the charge; and sentenced him to be dishonorably discharged from the service, to forfeit all pay and allowances, and to be confined for twenty years. The convening

authority approved the sentence; and, the board of review, after reducing the period of confinement to ten years, affirmed the conviction.

The petitioner was a member of Headquarters Battery, 159th Field Artillery Battalion. The morning reports, from which the evidence in the instant case was extracted, were signed by Warrant Officer Roland U. Byrd, as Personnel Officer. This poses a question not raised in United States v. Masusock as petitioner's counsel argue that the table of organization of a field artillery headquarters battery does not provide for a warrant officer; that a field artillery battalion is the smallest unit for which a personnel officer is authorized; that a warrant officer could not sign as a member of headquarters battery to which accused was assigned; and, therefore, the morning report extracts are irregular on their face and thus incompetent as evidence.

In United States v. Masusock, supra, we set forth the principles governing the signing and certification of morning reports, and under our holding in

**39**

that case the commanding officer could designate an officer who was not a member of the unit to sign the reports. In that opinion we also held that the designated officer could be a personnel officer. This brings us to the additional point argued in this petition; namely, is a warrant officer authorized to sign morning reports?

Section 4, c. 384, Act of August 21, 1941, 55 Stat. 653, 10 U.S.C. § 593, provides as follows:

"Warrant officers may be assigned to such duties as may be prescribed by the Secretary of Army; Provided, That when such duties necessarily include those normally performed by Commissioned officers they shall be vested with the power to perform such duties under regulation to be prescribed by the President: . . ."

The President, by Executive Order No. 8938, November 10, 1941, (6 F. R. 5743), ordered as follows:

"By virtue of and pursuant to authority vested in me by Section 4 of the Act of August 21, 1941 . . . , it is hereby ordered that whenever the duties assigned to warrant officers . . . include . . . (5) the certification and verification of official papers, or (6) the performance of similar routine administrative duties, such warrant officers shall be vested with all the powers usually exercised by commissioned officers in the performance of such duties."

Paragraph 3b, AR 610-5, December 27, 1945, provides:

"The duties to be assigned warrant officers are, in general, for the purpose of relieving commissioned officers of a considerable burden of administrative and technical details. When warrant officers are assigned to duty normally performed by commissioned officers they will be governed by regulations applicable to officers performing such duties."

The holding in United States v. Masusock, supra, applied only to officers; but, in view of the above provisions the same principles control the signing of morning reports by warrant officers. Accordingly, we conclude that Warrant Officer Byrd had authority to sign the questioned reports, and that the extract copies are competent and admissible.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge BROSMAN concur.