UNITED STATES, Appellee

v

JAMES E. BELL, First Lieutenant,
U. S. Air Force, Appellant

8 USCMA 193, 24 CMR 3

No. 9421

Decided August 9, 1957

*Captain Norman J. Nelson* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Ellis L. Gottlieb* and *Lieutenant Colonel Stanley S. Butt.*

*Captain Lawrence J. Gross* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Francis P. Murray.*

Opinion of the Court

ROBERT E. QUINN, Chief Judge:
A general court-martial sentenced the accused to a dishonorable discharge from the service, forfeiture of all pay

and allowances, and confinement at hard labor for three years. On review, the convening authority substituted dismissal for that part of the sentence providing for dishonorable discharge. We granted review to determine the legality of this action.

Traditionally, the form of punitive separation from the service of a commissioned officer has differed from that for enlisted and other noncommissioned personnel. The former provides for "dismissal" from the service and the latter for "dishonorable discharge." The Articles of War of James II (1688) highlight the difference in the provision that "No Commission Officer . . . shall be Dismissed or Cashiered without order from his Majesty, . . . or a General Court-martial: But the Captains . . . may discharge any Non-Commissioned Officer, or Private Soldier when they find cause." Article XXXVIII, cited in Winthrop, Military Law and Precedents, 2d ed, 1920 Reprint, page 925. The same distinction appeared early in American military law. Section XIV, Article 13 of the American Articles of War of 1776. From the point of view of the intention of the court-martial, however, the difference is one of terminology, not of substance. Whether the sentence is one of dismissal or dishonorable discharge, the manifest intention of the court-martial is to separate the accused from the service under conditions of dishonor. And it is the court's intention that determines the nature of its action. United States v Nedeau, 7 USCMA 718, 720, 23 CMR 182.

The difference between the form in which the sentence is expressed and the substantive nature of the punishment was noted by Colonel Winthrop in the first edition of his monumental work on military law. Referring to the legal and appropriate punishments for officers and for enlisted persons, he made the following observations:

"*Dismissal or Cashiering.* Dismissal and cashiering were formerly regarded as quite distinct in military law; the latter involving, in addition to a dishonorable separation from the service, a disability to hold military office and thus constituting a more severe punishment than the former. The two are now classified as separate punishments in the British Army Act, but in our law and practice all such distinction has long ceased to exist, cashiering having become identical with dismissal. . . . In sentences of courts-martial, as also in the common military parlance, 'cashiering' or 'cashiered' is now most rarely used, and *'dismissal'* will therefore be here exclusively employed in treating of this punishment.

"Dismissal by sentence, it need hardly be observed, is simply an expulsion of the officer from the military service, carrying with it *no legal disability.*

. . . . .

"*Form of the sentence.* The proper *form* of the sentence is—'to be dismissed,' or 'to be dismissed the service,' or 'to be dismissed the service (or "military service") of the United States.' The term 'dishonorably,' though sometimes employed, need not be expressed, the notion of dishonor being necessarily involved in a dismissal by sentence.

"*Dishonorable Discharge.—Nature of and authority for the punishment.* This punishment corresponds to dismissal in the case of an officer, in that it expels the offender with disgrace from the army and remands him to the status of a civilian: it entails however no legal disability either military or civil.

"*Form of the punishment.* The ordinary and proper form of this punishment in a sentence is—'to be dishonorably discharged;' the words 'the service,' or 'from the service' or 'military service,' or 'the service of the United States,' being often added. The form—'to be discharged the service,' without using the word 'dishonorably,' though unusual, is sufficient in law, and has the same effect as if such word were not omitted; the discharge adjudged by a sentence being a *punishment* and therefore necessarily dishonorable. A sentence—'to be *dismissed* the service,' while a rare

and irregular form, inappropriate to a case of a soldier, has, where employed, the same effect as if the word *discharged* had been used." [Winthrop, Military Law, Vol. I, pages 572–573, 611, 612–613 (1886).]

Over the years, military tribunals have consistently held that whenever a court-martial adjudges a dishonorable discharge, in a case in which the accused is an officer, the sentence is effectuated by dismissal. United States v Shoop, 1 BR 303; United States v Maurer, 32 BR 229; United States v Byke, 1 BR (JC) 215; United States v Stock, 3 CMR(AF) 368; United States v Lindahl, 2 CMR 825. In our opinion, this is a correct rule.

As used by the court-martial in imposing punishment, there is no magic in the words "to be dismissed," or the phrase "to be dishonorably discharged." Each embodies the same idea, namely, separation from the service with dishonor. Technically, the former should be used for commissioned officers, and the latter for enlisted and noncommissioned personnel, including warrant officers (see Manual for Courts-Martial, United States, 1951, paragraphs 126*d*, *e*, 127) ; but the failure to observe technical nicety does not destroy the substance of the court's determination. The *meaning* of the court-martial sentence is clear. The form in which the sentence is executed can be made to conform to the technical requirements, without affecting the basic nature of the court's determination or, in any way, prejudicing a substantial right of the accused. Perhaps in such a case the convening authority should order proceedings in revision and require the court-martial to correct the terminology of its action. See Manual for Courts-Martial, supra, paragraph 86*d*. However, he is bound to consider the sentence according to its legal effect. Since the accused is a commissioned officer, the legal effect of the court's sentence is dismissal. Consequently, the convening authority did not err when he substituted the word "dismissal" for the phrase "to be dishonorably discharged from the service," which was used by the court-martial.

A second question raised in this appeal is whether certain of the charges are multiplicious. In some specifications the accused was charged with larceny by check, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921, and in others he was charged with dishonorably failing to maintain sufficient funds to pay the same checks upon presentment, in violation of Article 134, Uniform Code, 10 USC § 934. At the trial no motion to dismiss the allegedly multiplicious charges was made, nor was any request later presented in regard to the instructions on the permissible maximum punishment. However, the question was considered by the board of review in its review of the case. It decided to leave "decision to another time," but, nevertheless, it gave consideration to the matter for the purpose of "determining the appropriateness of the sentence." Since, under ordinary circumstances, the question of multiplicity affects only the sentence (see United States v McCormick, 3 USCMA 361, 12 CMR 117), and the sentence here was specifically re-evaluated and reduced by the board of review with full knowledge of the problem, we believe that further consideration of the issue by this Court is neither necessary nor required. See United States v Strand, 6 USCMA 297, 20 CMR 13.

The decision of the board of review is affirmed.

Judges LATIMER and FERGUSON concur.