UNITED STATES, Appellee

v

RONALD E. ALLEY, Major, U. S. Army, Appellant

8 USCMA 559, 25 CMR 63

No. 9750

Decided January 3, 1958

*Lieutenant Colonel Stanley F. Flynn* argued the cause for Appellant, Accused.

*Major Thomas J. Nichols* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel John G. Lee* and *Lieutenant Colonel Thomas J. Newton.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

This accused, an officer of the United States Army, was convicted by a general court-martial of one offense of communicating with the enemy, in violation of Article of War 81; of four offenses of communicating with the enemy, in violation of Article of War 96; of four offenses of communicating with the enemy, in violation of Article 104, Uniform Code of Military Justice, 10 USC § 904; and of one offense of communicating with the enemy, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for ten years. After this sentence was announced by the president of the court, the law officer inquired whether the court meant to sentence the accused to a dismissal from the service instead of a dishonorable discharge. The president indicated that the court-martial members imposed the latter form of separation and not the former. The law officer went on to explain that the proper form of sentence to separate an officer from the service under conditions of dishonor was dismissal from the service. He then asked the president if this was what the court meant by the words "dishonorable discharge." The president an-

swered: "The sentence is amended accordingly." The convening authority disapproved the findings of guilty of the Article of War 81 offense, approved the remaining findings and affirmed only so much of the sentence as included a dismissal from the service, total forfeitures, and confinement at hard labor for ten years. The board of review affirmed the findings and the sentence.

After petitioning the board of review for reconsideration of its decision and petitioning for a new trial, both of which were considered and denied by the board, the accused petitioned this Court for grant of review. In support of his petition, an exhaustive brief was filed pursuant to Rule 38 of the Rules of Practice and Procedure of this Court. Thereafter accused's motion to file a supplemental assignment of error to his petition for review was granted. After careful consideration of the seven errors assigned in the initial petition to this Court and the written arguments in support thereof, it was concluded that no substantial question of law was presented by those assignments, and we declined to review them. However, review of the supplemental error assigned, namely:

"That the convening authority could not legally approve a dismissal in lieu of the dishonorable discharge imposed by the court-martial,"

was granted in view of the fact that in United States v Bell, 8 USCMA 193, 24 CMR 3, then awaiting hearing before this Court, a similar issue was to be decided.

As in the Bell case, this accused is a commissioned officer who was sentenced by a general court-martial to be dishonorably discharged from the service. Likewise, here the convening authority corrected the technical error by approving the separation of the officer from the service under a sentence of dismissal. On similar operative facts in Bell, this Court upheld the convening authority's approval after such redesignation. The only distinguishing feature of this case is that the president of the court attempted to amend the form of the sentence to one proper in the case of a commissioned officer without closing the court and consulting with other members in secret session. For the purpose of this case, the proposed amendment may be considered as either an irregularity or a nullity. The following language from paragraph 76c, Manual for Courts-Martial, United States, 1951, explains the reason:

". . . If the law officer of a general court-martial notes any ambiguity or apparent illegality in the sentence as announced by the court, he should bring the irregularity to the attention of the court so that it may close to reconsider and correct the sentence."

Since the action of the president in making the amendment was, as indicated above, void or of no legal efficacy, the original sentence of dishonorable discharge will be treated as untouched until the time of the action of the convening authority. When we reach that point, the case at bar is on all fours with United States v Bell, supra. There it was decided that the convening authority could substitute the words to be dismissed for the phrase to be dishonorably discharged, which was used by the court-martial. Therefore, the error made by the court-martial in the sentence of the officer in this case must be held to have been legally corrected by the convening authority.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.