UNITED STATES, Appellee

v

HASKELL BRISCOE, Chief Warrant Officer,
U. S. Army, Appellant

13 USCMA 510, 33 CMR 42

No. 16,282

March 8, 1963

First Lieutenant John G. Milano argued the cause for Appellant, Ac-

cused. With him on the brief were *Lieutenant Colonel Ralph Herrod* and *Captain David M. Gill.*

*First Lieutenant Robert E. Shepherd, Jr.,* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Francis M. Cooper* and *Captain Harvey L. Zuckman.*

## Opinion of the Court

QUINN, Chief Judge:

Charged with larceny; the commission of an indecent, lewd, and lascivious act; and failure to obey a lawful order, in violation of Articles 121, 134, and 92 of the Uniform Code of Military Justice, 10 USC §§ 921, 934, and 892, respectively, the accused was found guilty, and sentenced to dishonorable discharge. Intermediate appellate authorities affirmed the conviction. We granted the accused's petition for review to consider whether the law officer erred in instructing that any discharge in the case of a warrant officer "must be a dishonorable discharge."

Among other matters, the law officer instructed the court-martial that a "discharge in the case of a warrant officer as adjudged by a general court-martial, must be a dishonorable discharge." Apparently, the instruction was based upon the following passage in paragraph 126*d* of the Manual for Courts-Martial, United States, 1951:

> ". . . In general, any limitation as to the punishment that may be imposed on an officer (see Art. 1(5)) by a court-martial is applicable in the case of a warrant officer. Except as noted hereafter, an officer cannot, by sentence of a court-martial, be . . . sentenced to bad conduct discharge. . . . The separation from the service of a warrant officer by sentence of court-martial is effected by dishonorable discharge."

The Uniform Code does not prescribe the form of punitive separation that may be imposed by a court-martial upon a particular accused. However, a number of provisions clearly recognize the existence of three different types of separation by court-martial, dismissal, dishonorable discharge, and bad-conduct discharge. See Articles 4, 19, 20, 50, 58, 65, 66, 71–75 of the Uniform Code, 10 USC §§ 804, 819, 820, 850, 858, 865, 866, 871–875, respectively. With a few exceptions not applicable here, the Uniform Code leaves the determination of the sentence to the discretion of the court-martial, subject, however, to the maximum limits prescribed by the President. Article 56, Uniform Code of Military Justice, 10 USC § 856. The question then is whether in providing for separation of a warrant officer by a dishonorable discharge, the President merely prescribed a permissible form of separation or established a compulsory minimum sentence in violation of his authority under the Uniform Code. See United States v Varnadore, 9 USCMA 471, 26 CMR 251; United States v Holt, 9 USCMA 476, 26 CMR 256; United States v Jobe, 10 USCMA 276, 27 CMR 350.

United States Code provisions dealing with the organization of the Armed Forces, expressly recognize that the warrant officer group has two separate divisions. There are commissioned warrant officers and those who are not. 10 USC §§ 101(16), 555. The former are regarded, and treated, as commissioned officers. See 10 USC § 101(15); United States v Hutchison, 1 USCMA 291, 3 CMR 25. The punitive separation of such persons from the service is by way of dismissal. See Article 71(b) of the Uniform Code, 10 USC § 871; United States v Bell, 8 USCMA 193, 24 CMR 3. We may, therefore, put this group aside and turn directly to the warrant officer who obtains his rank by warrant of the Secretary of his service rather than by commission of the President. See 10 USC §§ 555, 557, 597.

In United States v Ellman, 9 USCMA 549, 26 CMR 329, we referred with approval to the President's direction that the form of punitive discharge which can be imposed by a court-martial upon a warrant officer is the

**511**

dishonorable discharge. Although not spelled out, the Manual provision is necessarily limited to the warrant officer who is not commissioned. Is this separate classification for punishment purposes valid under the Uniform Code? In other words, can the President properly provide that the only form of punitive separation for a warrant officer not having a commission is a dishonorable discharge, or must he treat such an officer as an enlisted person who, under the Uniform Code, can be separated with a dishonorable discharge or a bad-conduct discharge? In the *Bell* case, supra, we upheld dismissal as the single form of separation for a commissioned officer; and in *Ellman,* supra, we approved the same form of punitive separation for cadets. In our opinion, the separate and specially-recognized status of the warrant officer empowers the President to prescribe a single form for his separation from the service by sentence of a court-martial.

Recently, Congress substantially enlarged the Article 15 punishment powers of a commanding officer over personnel in his command. It expressly included among those authorized to impose such punishments, "warrant officers exercising command." Warrant officers are, in certain situations, authorized to exercise command. See United States v Clements, 1 USCMA 39, 1 CMR 39. As originally enacted, the Uniform Code also demonstrates Congressional understanding that the status of the warrant officer is separate and apart from that of enlisted persons. For example, under Article 9(c) of the Uniform Code, 10 USC § 809, enlisted persons, whether or not noncommissioned, may be ordered into arrest or confinement by any officer, but a warrant officer can be so restrained "only by a commanding officer to whose authority he is subject"; and under Article 20 of the Uniform Code, 10 USC § 820, all enlisted persons are subject to trial by summary court-martial, but a warrant officer is not. In short, the warrant officer has standing and status in the military which is separate from that of commissioned persons and different from that of enlisted personnel. This separateness justifies the President, in carrying out his power to provide the limits of punishment, to treat the warrant officer differently from the other groups as to the form of his punitive separation from the service. Such classification does not constitute the prescription of a minimum sentence for any given offense. United States v Bell, supra. Just as the commissioned officer can only be separated by dismissal, the warrant officer's form of punitive separation may be limited to a dishonorable discharge.[1] Practically, there is no real difference between calling a sentence providing for separation under conditions of dishonor a dismissal, or describing it as a dishonorable discharge. United States v Bell, supra. Accordingly, the law officer's instruction was correct, and we affirm the decision of the board of review. Cf. United States v Morlan, 24 CMR 390.

Judge KILDAY concurs.

FERGUSON, Judge (dissenting):
   I dissent.

In my opinion, a warrant officer other than a commissioned warrant officer is an enlisted man for purposes of court-martial practice and may, therefore, properly be sentenced to either a bad-conduct discharge or a dishonorable discharge. The provision in the Manual for Courts-Martial, United States, 1951, to the contrary provides a minimum penalty and is beyond the authority of the President. Accordingly, I would hold it void. To demonstrate the reasoning which leads me to this position, I turn to the record before us.

Charged with larceny of a bottle of hot sauce, black pepper, and bananas, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921; commission of an indecent, lewd, and

---

[1] We note that earlier Army Manuals provided for dismissal for all warrant officers, commissioned or not. See Manual for Courts-Martial, U. S. Army, 1921, paragraph 310a; Manual for Courts-Martial, U. S. Army, 1928, paragraph 103c. The practice was apparently changed in 1943. United States v LaLone, 28 BR 165, 167.

lascivious act, in violation of Code, supra, Article 134, 10 USC § 934; and failure to obey a lawful order, in violation of Code, supra, Article 92, 10 USC § 892, the accused was found guilty and sentenced to dishonorable discharge. The convening authority approved the sentence, and the board of review affirmed. We granted accused's petition for review on the issue:

"Whether the law officer erred in instructing that any discharge in the case of a Warrant Officer 'must be a dishonorable discharge.' (R 124)"

The record reflects that the law officer advised the court-martial, among other matters, that:

". . . A warrant officer may not be eliminated by a bad conduct discharge. Any discharge in the case of a warrant officer as adjudged by a general court-martial, must be a dishonorable discharge."

The advise of the law officer was undoubtedly predicated upon the language of the Manual for Courts-Martial, supra, which provides:

". . . In general, any limitation as to the punishment that may be imposed on an officer (see Art. 1(5)) by a court-martial is applicable in the case of a warrant officer. Except as noted hereafter, an officer cannot, by sentence of a court-martial, be . . . sentenced to bad conduct discharge. . . . The separation from the service of a warrant officer by sentence of court-martial is effected by dishonorable discharge." [Manual for Courts-Martial, supra, paragraph 126d.]

Enlisted persons, however, may be punitively separated from the service by either dishonorable or bad-conduct discharge. Manual, supra, paragraphs 126e, 127c.

Except insofar as it recognizes the existence of a dismissal, dishonorable discharge, or bad-conduct discharge as punishments of a character necessitating more extended appellate review of a case in which one of these separations is adjudged, see Code, supra, Article 66, 10 USC § 866, the Uniform Code does not purport to state any specific directives concerning their use. Rather, with a few exceptions not pertinent here, it leaves the question of the amount of sentence to the discretion of the court-martial but authorizes the President to circumscribe that discretion by providing:

"The punishment which a court-martial may direct for an offense may not exceed such limits as the President may prescribe for that offense." [Code, supra, Article 56, 10 USC § 856.]

The quoted statute has many times been construed to authorize the President to set only a maximum limit on the punishment prescribed for violation of a particular Article of the Code. He cannot prescribe a minimum sentence, though, of course, Congress may, and has done so. See, Code, supra, Article 106, 118, 10 USC §§ 906, 918; United States v Varnadore, 9 USCMA 471, 26 CMR 251; United States v Holt, 9 USCMA 476, 26 CMR 256; United States v Jobe, 10 USCMA 276, 27 CMR 350. The basic issue before us, therefore, is whether by prohibiting the imposition of a bad-conduct discharge in the case of a warrant officer, the President has exceeded his authority under Code, supra, Article 56, 10 USC § 856.

I commence my examination of the problem by referring to United States v Bell, 8 USCMA 193, 24 CMR 3. There the accused, a commissioned officer, was sentenced, *inter alia*, to dishonorable discharge. On review, the convening authority substituted dismissal from the service for the dishonorable discharge. Relying upon an unbroken line of authority extending as far back as the Articles of War of James II (1688), we pointed out, at page 194:

"Traditionally, the form of punitive separation from the service *of a commissioned officer has differed from that for enlisted and other noncommissioned personnel. The former provides for 'dismissal' from the service and the latter for 'dishonorable discharge.'*" [Emphasis supplied.]

And in United States v Ellman, 9 USCMA 549, 26 CMR 329, faced with a holding by the board of review that a

**513**

cadet might be sentenced to a bad-conduct discharge, we also reversed, declaring him to be an "inchoate officer" and, as in the case of other commissioned personnel, that his separation should be accomplished by means of dismissal. United States v Ellman, supra, at page 553. In reaching that conclusion, we adverted to the fact that a bad-conduct discharge was a relatively new form of punishment for Army personnel, originating in naval practice and being made applicable to the land and air forces by the Selective Service Act of 1948, 62 Stat 604, 630. We also pointed out that, under the provisions of the Manual for Courts-Martial, U. S. Army, 1949, its use was limited to enlisted personnel and that the same source, as well as the current Manual, stated that if a warrant officer "is [to be] separated, it must be by means of a dishonorable discharge." *Ellman,* supra, at page 553.

This purported differentiation between warrant officers and enlisted personnel with regard to the characterization of punitive separations is clearly unauthorized as an attempt to impose a minimum punishment. United States v Varnadore, United States v Holt, United States v Jobe, all supra. As we noted in United States v Bell and United States v Ellman, both supra, utilization of dismissal alone as the form of punitive separation for officers and cadets is based upon a uniform practice regarding commissioned personnel extending back to the beginnings of Anglo-American military law. There is no comparable basis for limitation to dishonorable separation in the case of warrant officers.

First, warrant officers are not commissioned officers to whom a sentence of dismissal from the service is applicable. Unlike cadets or commissioned officers, they are given *warrants* of office by the Secretary concerned without the need either for Presidential appointment or confirmation by the Senate. See 10 USC §§ 555, 557, 597. The nature of their status was aptly described to the Congress in connection with the mentioned Code sections as being "the top, shall we say, of the enlisted grade." Hearings before House Armed Services

Committee on H R 6374, 83d Congress, 1st Session, page 3635. And, except for certain commissioned warrant officers in the naval service, one "should classify them as enlisted men." House Hearings, supra, at page 3634.

Secondly, under the Uniform Code itself, warrant officers are usually categorized with enlisted personnel. Thus, unlike commissioned officers and cadets, a warrant officer's sentence to punitive separation does not require confirming action by the Secretary concerned. Code, supra, Article 71, 10 USC § 871. His power to order other military persons into arrest or confinement is limited to that granted other noncommissioned and petty officers. Code, supra, Article 9, 10 USC § 809. Disrespect toward him, willful disobedience of his orders, and assault upon him in the execution of his office are punishable under a different Article from that applicable to commissioned officers, but which also punishes similar misconduct with respect to enlisted persons. Code, supra, Article 91, 10 USC § 891. In short, to whatever source one refers, it is made apparent that a warrant officer, for disciplinary purposes, is and consistently has been treated by Congress as an enlisted man. Indeed, even the President recognized his classification as such by providing for his separation through a form of punitive discharge traditionally limited to those occupying an enlisted status. Manual, 1951, supra, paragraph 126; Winthrop's Military Law and Precedents, 2d ed, 1920 Reprint, page 433.

For these reasons, I too conclude that a warrant officer must be treated in sentence matters as in "enlisted" person rather than as an officer. As such, punishments applicable to enlisted persons in general are also applicable to warrant officers. When the drafters of the Manual sought, however, to limit their punitive separation from the service solely to dishonorable discharge, a minimum sentence was illegally provided. United States v Varnadore, United States v Holt, both supra. Unlike the case of the officer in United States v Bell, supra, or the cadet as an "inchoate officer" in United States v Ellman, supra, there is no traditional

basis for a comparable limitation in the instance of warrant personnel. Accordingly, I would find the Manual provision void and the law officer's instructions herein erroneous. In view of accused's sentence to dishonorable discharge, prejudice is apparent.

Turning to the rationale of the principal opinion, it is obvious that its reasoning is predicated upon the belief that military personnel may be divided into three classes, namely, commissioned officers, warrant officers, and enlisted personnel. At the outset, however, I note that it belies itself at once by admitting the Manual provision creating such a division is partially invalid in that it holds commissioned warrant officers must be separated by dismissal, whereas no such distinction is in fact made by the President, the latter declaring *all* warrant officers are to be separable only by dishonorable discharge. Secondly, reliance is placed upon a reference in United States v Ellman, supra, to the fact that the Manual, supra, provided for such separations by dishonorable discharge. But, as I have noted, *Ellman* dealt solely with the problem whether a cadet was required to be separated by dismissal. The comment regarding warrant officers was completely unnecessary and constituted no more than *obiter dictum*. I hardly believe, therefore, that it should serve as the principal foundation for disposition of a detailed inquiry into the problem.

Finally, mention is made of the recent re-enactment of Code, supra, Article 15, 10 USC § 815, which permits "warrant officers exercising command" to administer nonjudicial punishment thereunder; of the fact that a warrant officer may be placed under arrest or in confinement only by his commanding officer; and that he is not subject to trial by summary court-martial. In light of his undoubtedly senior position in the enlisted career field, these isolated provisions of the Code are understandable but, in my view, do not overcome the entire pattern of codal provisions cited above or the comments in the legislative history of warrant officer legislation concerning their position at "the top, shall we say, of the enlisted grade." House Hearings, supra, at page 3635.

In sum, then, I would hold that a warrant officer may be discharged from the service with a bad-conduct discharge and that the law officer's instruction to the contrary was prejudicially erroneous. While, in light of the small difference in practical and legal effect between a dishonorable and bad-conduct discharge, the matter would seem to be of little real benefit to the accused, I believe this result is compelled by a fair construction of the provisions of Title 10, United States Code, regarding warrant officers. Accordingly, I register my disagreement with the majority's affirmance of the decision of the board of review.

I would reverse the decision of the board of review and return the case for approval of so much of the sentence as includes bad-conduct discharge.