UNITED STATES, Appellee

v

BERT KENNETH KANEWSKE, Seaman Apprentice,
U. S. Navy, Appellant

17 USCMA 34, 37 CMR 298

No. 19,869

May 12, 1967

*Lieutenant J. Arthur Bruno,* USNR, argued the cause for Appellant, Accused.

*Major Ernest B. Wright,* USMC, argued the cause for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

Lawfully incarcerated in the brig as an unauthorized absentee, the accused, wearing an "International Peace Symbol" around his neck, refused to doff his civilian clothing and don a brig uniform. Three days later, he likewise refused to empty his seabag and put on his dungarees. In consequence, he was charged with absence without leave, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886, disobeying the lawful order of a superior noncommissioned officer, in violation of Code, supra, Article 91, 10 USC § 891, and disobedience of the lawful order of his superior commissioned officer, in violation of Code, supra, Article 90, 10 USC § 890.

At his trial by general court-martial, accused judicially confessed his guilt, alleging only that, after having voluntarily enlisted in the naval service, he became a conscientious objector and obedience to the orders would have been inconsistent with his principles. He was found guilty and sentenced to bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for three years, and reduction. The convening authority reduced the period of confinement to eighteen months. The board of review further reduced the imprisonment to eight months, but otherwise affirmed. We granted accused's petition for review, specifying as the issue:

"Whether the law officer was correct in instructing that the maximum confinement for the offense under Charge II was five years (R. 277), or whether the confinement was controlled by the limitation for a violation of Art. 91."

Charge II alleges a violation of Code, supra, Article 90, and the single specification thereunder avers the accused, "having received a lawful command from Chief Warrant Officer James E. Stubbs, U. S. Navy, his superior officer, . . . did, . . . willfully disobey the same."

It is urged here that, as the count avers Stubbs to be a warrant officer, the punishment for accused's disobedience should have been limited by the law officer to that for disobeying a warrant officer, in violation of Code, supra, Article 91, 10 USC § 891. The difference in penalty is material. For disobedience of a commissioned officer's order, a punishment of dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for five years may be imposed. For a similar act with respect to a warrant officer, the period of confinement involved is limited to two years. Manual for Courts-Martial, United States, 1951, paragraph 127c, Table of Maximum Punishments. We nevertheless conclude the assigned error is without merit and that the law officer correctly instructed the court as to the maximum sentence.

Code, supra, Article 90, provides pertinently that anyone subject thereto who "willfully disobeys a lawful command of *his superior commissioned officer;* shall be punished, . . . as a court-martial may direct." (Emphasis supplied.) In the Navy, a chief warrant officer is a commissioned officer, appointed by the President by and with the advice and consent of the Senate. 10 USC § 555; United States v Briscoe, 13 USCMA 510, 33 CMR 42. Under the United States Code, the term " 'Commissioned officer' includes a commissioned warrant officer." 10 USC § 101(15). Hence, it seems clear, as, in fact, appellant concedes, a chief warrant officer in the Navy is an officer, the disobedience of whose order constitutes a violation of Uniform Code of Military Justice, Article 90, 10 USC § 890, punishable by, among other things, confinement at hard labor for five years.

But, argues appellate defense counsel, under the United States Code, the phrase " 'Warrant officer' means a person who holds a *commission or warrant* in a warrant officer grade." (Emphasis supplied.) 10 USC § 101(16). He points out that the specification makes no reference to Chief Warrant Officer Stubbs as a commissioned officer, the sole allegation being that he was accused's "superior officer." Hence, it is urged the count alleges only disobedience of a warrant officer under the Code or is at least ambiguous. Under such circumstances, it is argued the matter should be resolved in accused's favor and the lesser punishment for disobedience of a warrant officer made applicable.

The argument is ingenious, but it overlooks the averment in the specification that accused disobeyed the order of *"Chief Warrant Officer . . . Stubbs."* (Emphasis supplied.) The allegation of Stubbs' grade clearly establishes his status as a commissioned officer. 10 USC § 555; United States v Briscoe, supra; United States v Reid, 12 USCMA 497, 31 CMR 83; United States v McCall, 11 USCMA 270, 29 CMR 86. Indeed, that the accused was put on notice as to the nature of the charge against him and accepted it as alleging refusal to obey the orders of his superior *commissioned* officer is clearly indicated by his testimony that he understood Stubbs to be a *commissioned* officer and his unquestioning acceptance of the law officer's instructions so construing Charge II and its specification. See United States v Sell, 3 USCMA 202, 11 CMR 202.

Accordingly, we conclude Charge II and its specification alleges the accused willfully disobeyed the order of his superior commissioned officer and that the law officer, therefore, properly instructed the court-martial on the maximum permissible sentence.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge KILDAY concur.