**660**

UNITED STATES

v.

Wayne E. WILLIAMSON, 438 90 7673,
Chief Radioman (Frocked)
(E–6), U.S. Navy.

NMCM 88 4947.

U.S. Navy–Marine Corps Court of
Military Review.

Sentence Adjudged 5 Aug. 1988.

Decided 17 March 1989.

Lt. Daniel W. Dooher, JAGC, USNR, Appellate Defense Counsel.

Capt. Wendell A. Kjos, JAGC, USN, Appellate Government Counsel.

Before COUGHLIN, Senior Judge,
and STRICKLAND and RUBENS, JJ.

RUBENS, Judge:

This case was submitted without specific assignment of error. Following guilty pleas a military judge sitting alone as a general court-martial convicted appellant of carnal knowledge, anal sodomy, and oral sodomy of a six year old girl in violation of Articles 120 and 125, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920 and 925. The military judge sentenced appellant to a dishonorable discharge, confinement for three years, and reduction to E–1. The convening authority approved the adjudged sentence. The pretrial agreement did not affect the convening authority's action because it required the convening authority to suspend all confinement in excess of 10 years and any forfeitures or fine.

█ The trial defense counsel submitted a timely allegation of legal errors and a separate clemency petition pursuant to Rule for Courts–Martial (R.C.M.) 1105(b)(1), Manual for Courts–Martial (MCM), United States, 1984. R.C.M. 1106(d)(4) states that "... *the staff judge advocate shall state whether, in the staff judge advocate's opinion, corrective action on the findings or sentence should be taken when an allegation of legal error is raised in matters submitted under R.C.M. 1105* or when otherwise deemed appropriate by the staff judge advocate." (Emphasis added.) Although the convening authority states in his action that he considered the R.C.M. 1105 matters, there is no evidence that the staff judge advocate responded to the allegation of legal errors and provided the convening authority with the appropriate guidance as required by R.C.M. 1106(d). This was error.

█ In *United States v. Hill*, 27 M.J. 293 (C.M.A.1988), the Court of Military Appeals held that a Court of Military Review is not required to remand a case to the convening authority when the staff judge

advocate fails to respond to an allegation of legal error if the Government establishes that a properly prepared recommendation would have no effect on the convening authority's exercise of his discretion. The trial defense counsel alleged in his R.C.M. 1105 allegation of errors that the military judge erroneously admitted Prosecution Exhibit 1, a photograph of the victim, on relevance grounds, and that he erroneously failed to hold the carnal knowledge and anal sodomy offenses multiplicious for sentencing. The alleged errors, therefore, related only to the sentence. The maximum authorized punishment for the three offenses is a dishonorable discharge, confinement for 55 years, forfeiture of all pay and allowances, and reduction to E–1. If the carnal knowledge and the anal sodomy offenses are multiplicious for sentencing, the maximum period of confinement is reduced to 40 years. The pretrial agreement required the convening authority to suspend all confinement in excess of 10 years. The military judge sentenced appellant, *inter alia*, to confinement for three years.

Even assuming that the trial defense counsel's allegation of errors is meritorious, we find that a sentence reduction recommendation from the staff judge advocate or a favorable action on the sentence by the convening authority are simply not foreseeable. The adjudged sentence to confinement is less than one third of the confinement cap in the pretrial agreement and less than one tenth of the maximum authorized confinement. Given the circumstances of this case, a reduction in the sentence is not within the realm of possibility and the staff judge advocate's failure to comply with R.C.M. 1106(d)(4) is of no effect. Therefore, the error is harmless and remand is not required. Article 59(a), UCMJ, 10 U.S.C. § 859. The findings of guilty and the sentence as approved on review below are affirmed.

Senior Judge COUGHLIN and Judge STRICKLAND concur.