McLAUGHLIN, Senior Judge.
Contrary to his pleas, the appellant was convicted by a general court-martial, with officer members, of attempting to illegally bring firearms into the United States, conspiring to bring firearms into the United States, and failure to notify proper authority and turn over captured or abandoned enemy property, in violation of Articles 80, 81, and 103, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 880, 881, 903. The sentence was that he be dismissed from the naval service. The offenses occurred in the Kingdom of Saudi Arabia where the appellant, a Marine Reservist, was serving on active duty as part of Operations Desert Shield and Desert Storm. The appellant has assigned nine errors in the case.[1] It is im *857 portant to note, and will be repeated for analysis of Assignment of Error III and IV, that this is the court-martial of noncommissioned Warrant Officer (W-1) Henry F. Stockman, USMCR, who was commissioned after the court-martial proceedings (but before convening authority’s action) to the rank of Chief Warrant Officer (W-2) Henry F. Stockman, USMCR. We find Assignment of Error III to have merit and will take appropriate corrective action in our decretal paragraph. Our action will moot Assignment of Error IV. We also find no merit in the remaining assignments of error. Our rationale is briefly discussed below.
The first assignment of error is without merit for two reasons. First, the appellant did not object at trial to the military judge’s explanation of the meaning of “beyond reasonable doubt” and he has failed on appeal to show that plain error was commits ted. United States v. Robinson, 38 M.J. 30 (C.M.A.1993). Second, the military judge’s explanation of “beyond reasonable doubt” is remarkably similar to another explanation of the term which the United States Supreme Court recently found to be adequate. Victor v. Nebraska, — U.S.-, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994).
The second assignment of error is without merit because we find that the military judge did not abuse his discretion when he denied the appellant’s motion for the military judge to recuse himself. Our finding is based on the fact that the military judge acquired knowledge — albeit, little knowledge — of the factual situation presented in the appellant’s case when he tried Lance Corporal Gobble, the appellant’s co-conspirator, who pled guilty at a judge-alone trial (i.e., the military judge acquired his knowledge in his judicial capacity during the trial of a co-accused). Under these circumstances, United States v. Oakley, 33 M.J. 27, 32-35 (C.M.A.1991) is dispositive.
In his third assignment of error, the appellant alleges that his sentence to a dismissal was unlawful. He contends that he held the rank of a noncommissioned warrant officer, pay grade W-1, at the time of trial and, consequently, the only authorized punitive separation from the naval service was a dishonorable discharge. Rule for Courts-Martial [R.C.M.] 1003(b)(9)(B).[2] He asserts that the sole legal remedy available for his unlawful sentence is for this court to disapprove the dismissal. We disagree.
For the purpose of punitive separation as a sentence at court-martial, the service community is divided into three groups according to their status, i.e., enlisted persons; warrant officers who are not commissioned; and commissioned officers, commissioned warrant officers, cadets, and midshipmen. The only punitive separation that may be adjudged a warrant officer who is not commissioned is a dishonorable discharge, and then only by a general court-martial. The only punitive separation that may be adjudged a chief warrant officer (i.e., a commissioned warrant officer) is dismissal, also only by general courts martial. R.C.M. 1003(b)(9)(A) and (B).
The Government concurs with the appellant’s contention that he was a warrant officer who was not commissioned at the time of trial. Not surprisingly, however, the Government and the appellant part company regarding the appropriate remedy. The Government suggests that we can affirm the dismissal for three reasons. First, after trial, the appellant was promoted to chief warrant officer, pay grade W-2, a commissioned officer grade. Second, a dismissal and dishonorable discharge are equivalent punishments. Third, this Court should carry out the members’ intent to punitively separate the appellant from the naval service.
*858 This is the courbmartial of Warrant Officer Stockman and not Chief Warrant Officer Stockman. Although this is an unusual situation, we have case law that has tackled the problem before. The case law regarding erroneous punishments adjudged to the three groups defined by their status is set forth in United States v. Carbo, 35 M.J. 783, 786 (A.C.M.R.1992), aff'd on reh’g, 37 M.J. 522 (A.C.M.R.), petition denied, 38 M.J. 452 (C.M.A.1993). As has been stated, a chief warrant officer holds the status of a commissioned officer. In Carlo, and the cases cited therein, we find that “the status of the appellant at the time of triad is critical.” Id. (emphasis added). The initial, and most critical, issue for our factual and legal analysis of the highly unusual set of circumstances surrounding this case concerns the appellant’s status at the time of trial
Our review of the record indicates that the appellant was serving in the grade of warrant officer until the last day of his court-martial, 24 January 1992. During an R.C.M. 802 conference, the trial counsel informed the military judge that the Government believed that the appellant had been promoted and commissioned to the grade of chief warrant officer, pay grade W-2, in October 1991. During a subsequent Article 39(a), UCMJ, session, the military judge reviewed two documents submitted by the Government concerning the appellant’s promotion, advised the appellant that he could wear the grade insignia of a chief (commissioned) warrant officer-2 for the duration of the court-martial, informed the members at the beginning of the presentencing stage of the court-martial that the appellant was a chief warrant officer, and instructed the members that the only authorized punitive discharge for the appellant was a dismissal. Record at 253-55, 263-64, 317-18, App. Ex. XXIII, XXIV.[3]
Although the appellant’s civilian defense counsel agreed at trial that the appellant was effectively promoted, he also stated on the record that the appellant had not taken an oath and was not yet commissioned. Record at 262. Moreover, throughout the post-trial and appellate processes, the appellant has steadfastly maintained that he was not commissioned and promoted to the grade of chief warrant officer in October 1991. After careful inspection of the record of trial, the appellant’s extensive post-trial submissions to the convening authority and his pleadings before this Court, and the Government’s pleadings which include a considered concession on the point, we concluded that a hearing under United States v. DuBay, 17 C.M.A. 147, 37 C.M.R. 411, 1967 WL 4276 (1967) was necessary. That hearing was held on 7 June 1995. See Carlo, 35 M.J. at 787 (holding contested issue raised on appeal as to accused’s status as warrant officer or chief warrant officer at time of trial not resolvable by affidavit). Facing the same frustrations that this Court endured, the military judge finally reviewed the evidence available, the Government’s continued concession that the appellant was a warrant officer (W-1) at the time of trial and sentencing, and entered a finding of fact that the appellant was a warrant officer (W-1) and not a commissioned warrant officer (W-2) at the time of trial and sentencing. 7 June 1995 Post-trial Hearing Record at 33.
We agree with the trial judge presiding over the post-trial hearing and find that the appellant was serving as a non-commissioned warrant officer at the time of trial. Having so determined, the commissioning and promotion of the appellant after the court-martial proceedings is a distraction and not an issue, as .it has no bearing on what type of punitive separation can be adjudged in the court-martial of a warrant officer. The authority of a superior, acting under a separate law to promote or not promote the appellant after court-martial, is a matter which should not “be tossed into military law to befuddle sentences authorized by the Code.” United States v. Cleckley, 8 C.M.A. 83, 85, 23 C.M.R. 307, 309, 1957 WL 4485 (1957) (involving collateral consequences of other Federal fiscal statutes on monetary punishments authorized by the UCMJ). It follows from our determination that the appellant was a non-commissioned warrant officer at the time of *859 trial, that the only authorized punitive separation was a dishonorable discharge. United States v. Briscoe, 13 C.M.A. 510, 33 C.M.R. 42, 1963 WL 4811 (1963); R.C.M. 1003(b)(9)(B). The appellant’s sentence to dismissal is error. Consequently, we must now decide what action to take in the face of this error.
Longstanding military case law provides that the difference between a dismissal and dishonorable discharge “is one of terminology, not of substance.” United States v. Bell, 8 C.M.A. 193, 194, 24 C.M.R. 3, 4, 1957 WL 4684 (1957). This precedent is based on the principle that “[w]hether the sentence is one of dismissal or dishonorable discharge, the manifest intention of the court-martial is to separate the accused from the service under conditions of dishonor. And it is the court’s intention that determines the nature of its action.” Id. (citing United States v. Nedeau 7 C.M.A. 718, 720, 23 C.M.R. 182, 184, 1957 WL 4457 (1957)). Moreover, although technically speaking a dismissal is authorized only for commissioned officers and a dishonorable discharge is authorized for enlisted personnel and warrant officers who are not commissioned, “the failure to observe technical nicety does not destroy the substance of the court’s determination.” Bell, 24 C.M.R. at 5.
Finally, the form of the sentence “can be made to conform to the technical requirements without affecting the basic nature of the court’s determination or, in any way, prejudicing a substantial right of the accused.” Id (emphasis added). Indeed, in Bell, the Court of Military Appeals held that “the convening authority did not err when he substituted the word ‘dismissal’ for the phrase ‘to be dishonorably discharged from the service’____” Id Recently, the Army Court of Military Review converted an adjudged dishonorable discharge to a dismissal after ascertaining that the appellant was a chief warrant officer and not a warrant officer at the time of trial. Carbo, 37 M.J. 522 (A.C.M.R.1993).
The appellant’s case is the opposite of Carbo in that a noncommissioned warrant officer was adjudged a dismissal at his court-martial. However, the analysis of Bell convinces us that a dishonorable discharge is not an increase in punishment as compared to a dismissal. R.C.M. 1203.
Common threads that run through the case law dealing with an adjudged punitive separation of a type not authorized for the accused’s status are (1) it is error; (2) it can be corrected; and, (3) it is corrected to reflect the punitive separation that was appropriate for the accused’s status at the time of trial.
Based on the record of trial and the sentence adjudged and approved below, we have no difficulty determining the intention of the court-martial members and the convening authority — they intended that the appellant be punitively separated under conditions of dishonor. Thus, we conclude that we need not disapprove the sentence. We can affirm a sentence that conforms to the law, i.e., the only type of punitive discharge that the members could adjudge to a warrant officer, because we will not have increased the punishment. R.C.M. 1203(b), discussion; R.C.M. 1107(d). Narratively put, we can conform the dismissal to reflect the members’ clear intent that the appellant be punitively discharged in order to correct the sentencing error, but we would not be fulfilling our duly if we were to maintain the error just because, subsequent to the sentencing, superior authorities chose to respond to the appellant’s career performance, which included the general court-martial conviction and sentence, by delivering a commission and promotion to chief warrant officer.
Therefore, we follow the practical corrective action undertaken by the Army Court in Carbo, and the cases cited therein. We will convert the appellant’s dismissal to a dishonorable discharge in our decretal paragraph. Article 66(c), UCMJ, 10 U.S.C. § 866(c); R.C.M. 1203(b).
Based on the fourth assignment of error, we have carefully evaluated the Staff Judge Advocate’s post-trial recommendation and addenda and the voluminous material submitted to the convening authority by the appellant. We have no doubt that the Staff Judge Advocate’s comments focused the *860 convening authority’s attention on relevant factual and legal concerns raised by the appellant, albeit his legal analysis of issues concerning the appellant’s grade was faulty — as the Government concedes — and paragraphs 4, 5, and 6 of his addendum dated 26 January 1993 merely highlighted legal issues raised by the appellant and indicated that the convening authority should carefully consider the matters raised (i.e., no legal rationale was provided for the Staff Judge Advocate’s position). Most significantly, we are convinced that the convening authority understood from the recommendation and the sentence of the court-martial members that the position of both his Staff Judge Advocate and the members was that the appellant should be discharged under conditions of dishonor. Thus, in our opinion, a more perfectly prepared recommendation would have had no effect on the convening authority’s exercise of his discretion. Therefore, we specifically find that any error in the Staff Judge Advocate’s post-trial recommendations was harmless. United States v. Hill, 27 M.J. 293, 296-97 (C.M.A. 1988); United States v. Williamson, 28 M.J. 660 (N.M.C.M.R.1989). We find inapposite United States v. Diaz, 40 M.J. 335 (C.M.A. 1994) and United States v. Jones, 36 M.J. 438 (C.M.A.1993), additional authority cited by the appellant. Thus, the fourth assignment of error is without merit.
We find the fifth assignment of error to be without merit for several reasons.
First, the Article 32 investigating officer, a judge advocate, evaluated the proffered testimony of the requested witnesses, the defense counsel’s argument contending that the witnesses should personally appear at the investigation, the testimony of the available witness, and the provisions of R.C.M. 405(g) that existed before and after Change 5 to the Manual for Courts-Martial, United States, 1984, [MCM or the Manual]. He then determined that the requested witnesses were not available under either standard. Appellate Exhibit III. In evaluating his basis of knowledge, we observe, as did the military judge, that the appellant’s request for the presence of the witnesses at the investigation, Appellate Exhibit VII, does not state the necessity for the presence of the witnesses. Record at 25. Under these circumstances, we conclude that the investigating officer did not abuse his discretion when he concluded that the requested witnesses were not reasonably available for the investigation. United States v. Roberts, 10 M.J. 308, 310-11 (C.M.A.1981); United States v. Ledbetter, 2 M.J. 37 (C.M.A.1976); United States v. Jones, 20 M.J. 919 (N.M.C.M.R. 1985); United States v. Bramel, 29 M.J. 958 (A.C.M.R.), aff'd, 32 M.J. 3 (C.M.A.1990).
Second, we find no evidence of a failed attempt by the appellant to depose the witnesses. United States v. Chuculate, 5 M.J. 143 (C.M.A.1978).
Third, the statutory right of confrontation under Article 32 and the implementing provisions under the Manual differ from the Constitutional standard applicable at trial. Id. at 145 n. 7; Bramel, 29 M.J. at 965.
Fourth, the appellant has not alleged that his preparation for trial was affected by the denial of his request for the presence of witnesses at the Article 32 investigation. United States v. Cumberledge, 6 M.J. 203, 206 (C.M.A.1979).
In summary, we conclude that the military judge did not err by denying the appellant’s motion for reopening of the Article 32 investigation. Additionally, assuming that he did err, we find no prejudice to the appellant from the denial of his motion.
The sixth assignment of error is without merit. Charge I alleges an offense because: (a) Article 80, UCMJ, 10 U.S.C. § 880, states, in part, that it is an offense to commit “[a]n act ... with specific intent to commit an offense under this chapter____” (Emphasis added); (b) The Court of Military Appeals has stated that “there need be no physical proximity of the overt act [required as an element of the offense] to the place where the intended crime is to be commits ted.” United States v. Byrd, 24 M.J. 286, 289-90 (C.M.A.1987); (c) Congress clearly intended to proscribe the importation of firearms into the United States except as provided in 18 U.S.C. § 925(d). See United States v. Endicott, 803 F.2d 506, 511 (9th Cir.1986). Thus, it would be illogical to conclude that *861 Congress did not intend that servicemembers be prosecuted for attempting to violate the firearm importation laws when they commit overt acts overseas intended to result in a violation of firearm control laws. Compare United States v. Wilmot, 11 C.M.A. 698, 29 C.M.R. 514, 1960 WL 4548 (1960). Furthermore, “United States jurisdiction extends to acts occurring outside its territory if those acts are intended to produce detrimental effects in the United States.” Endicott, 803 F.2d at 514 (citing Chua Han Mow v. United States, 730 F.2d 1308, 1312 (9th Cir.1984), cert, denied 470 U.S. 1031, 105 S.Ct. 1403, 84 L.Ed.2d 790 (1985)). Additionally, based on our careful evaluation of the evidence, we find that it proves beyond reasonable doubt that the appellant committed the offense alleged in Charge I.
Based on reasoning similar to that stated in the paragraph above, plus the fact that we conclude that the members were adequately instructed by the military judge, we conclude that the seventh assignment of error is also without merit.
The eighth assignment of error is without merit. The military judge instructed the members prior to their deliberations on findings that they “may reconsider any finding of guilty prior to the sentence being announced.” Record at 246. United States v. Vanderlip, 28 M.J. 1070, 1072 (N.M.C.M.R.), petition denied 29 M.J. 345 (C.M.A.1989) is dispositive of the first issue raised in the eighth assignment of error. With regard to the second point asserted in the eighth assignment of error concerning comments made by the military judge out of the presence of the defense counsel, we find no evidence to support the assertions and no allegation or proof of prejudicial error.
Under the circumstances of this case, we find the sentence, which includes an unsuspended punitive discharge, is not inappropriately severe.
Accordingly, the findings of guilty and a sentence of dishonorable discharge are affirmed. A new promulgating order shall be issued to reflect that this is the general court-martial of Warrant Officer-1 (WO-1) H.F. Stockman and not Chief Warrant Officer-2 (CWO-2) H.F. Stockman.
Chief Judge Welch and Judge LUCAS concur.

. I. THE MILITARY JUDGE ERRED IN HIS EXPLANATION OF "BEYOND A REASONABLE DOUBT” DURING HIS INSTRUCTIONS ON FINDINGS BY EQUATING REASONABLE DOUBT TO MORAL CERTAINTY INSTEAD OF EVIDENTIARY CERTAINTY, IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. (Citations omitted.)
II. THE MILITARY JUDGE ABUSED HIS DISCRETION WHEN HE REFUSED TO RECUSE HIMSELF EVEN THOUGH HE HAD BEEN THE MILITARY JUDGE IN THE BENCH TRIAL OF THE CO-ACCUSED.
III. THE SENTENCE TO DISMISSAL IS UNLAWFUL, BECAUSE APPELLANT WAS NOT SERVING AS A COMMISSIONED OFFICER, CADET, OR MIDSHIPMAN.
IV. THE POST-TRIAL RECOMMENDATIONS OF THE STAFF JUDGE ADVOCATE TO THE CONVENING AUTHORITY WERE PREJU-DICIALLY INACCURATE AND INSUFFICIENT.
V. THE ARTICLE 32 INVESTIGATION WAS PREJUDICIALLY DEFICIENT BECAUSE APPELLANT WAS DENIED WITNESSES AND THE MILITARY JUDGE ERRED IN DENYING THE DEFENSE MOTION FOR A NEW PRETRIAL INVESTIGATION.
VI. THE FINDINGS OF GUILTY OF CHARGE I AND ITS SPECIFICATION MUST BE SET ASIDE AND DISMISSED AS THE SPECIFICATION FAILS TO ALLEGE THE OFFENSE OF ATTEMPT TO VIOLATE THE UNITED STATES CODE, TITLE 18, SECTION 922, AND THE PROOF OFFERED BY THE GOVERNMENT FAILS TO SATISFY THE ELEMENTS OF THE OFFENSE.
VII. THE FINDINGS OF GUILTY OF CHARGE I AND ITS SPECIFICATION AND CHARGE II AND ITS SPECIFICATION MUST BE SET ASIDE AND DISMISSED AS THE INCORPORATED PROVISIONS OF TITLE 18, UNITED STATES CODE, ARE NOT APPLICABLE TO APPELLANT AND THE GOVERNMENT FAILED TO PROVE THE ELEMENTS OF THE OFFENSE.
VIII. THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY REFUSING TO ALLOW TRIAL DEFENSE COUNSEL TO ARGUE TO THE MEMBERS THEIR POWER OF RECONSIDERATION OF FINDINGS AND BY REFUSING TO REINSTRUCT THE MEMBERS ON THEIR POWER TO RECONSIDER THE FINDINGS, AND BY IMPERMISSIBLY INTERFERING WITH THE ATTORNEY-CLIENT RELATIONSHIP IN OFFERING GRATUITOUS COMMENTS TO AP *857 PELLANT, WITHOUT TRIAL DEFENSE COUNSEL PRESENT, OF THE CONSEQUENCES OF RAISING THE MATTER BEFORE THE MEMBERS.
IX. THE SENTENCE IMPOSED IS UNDULY SEVERE, REFLECTS UNLAWFUL SENTENCING DISPARITY, AND DOES NOT TAKE INTO ACCOUNT UNLAWFUL EXTRAJUDICIAL PUNISHMENT.

. A warrant officer cannot be adjudged a bad-conduct discharge. This allows our analysis, comparisons, and conclusion to deal strictly with the dismissal-dishonorable discharge equivalence and applicability in this case.

. We note that the appellant's status throughout the trial on the merits was as a noncommissioned warrant officer since the military judge’s ruling took place after the appellant had been convicted of the aforementioned offenses.