**UNITED STATES, Appellee,**

v.

**Chief Warrant Officer Two Daniel WALKER, Jr., United States Army, Appellant.**

**ARMY 9801312.**

U.S. Army Court of Criminal Appeals.

19 Oct. 1999.

For Appellant: Major Jonathan F. Potter, JA; Captain David S. Hurt, JA (on brief).

For Appellee: Colonel Russell S. Estey, JA.

Before TOOMEY, Senior Judge, CARTER, and NOVAK, Appellate Military Judges.

## OPINION OF THE COURT

CARTER, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of aggravated assault in violation of Article 128, Uniform Code of Military Jus-

tice, 10 U.S.C. § 928 [hereinafter UCMJ]. The adjudged sentence was a dismissal, confinement for three months, and forfeiture of all pay. Appellant, a Regular Army warrant officer, asserted in his Rule for Courts–Martial [hereinafter R.C.M.] 1105 matters, that his punishment of dismissal constituted legal error because he was not a *commissioned* warrant officer.* Subsequently, on the advice of his staff judge advocate, the convening authority signed an action in appellant's case directing:

> [S]o much of the sentence extending to a dismissal is changed to a dishonorable discharge, and only so much of the sentence, as changed, as provides for a dishonorable discharge and forfeiture of $1,688.00 pay per month for three months is approved, and except for that part of the sentence extending to a dishonorable discharge, will be executed.

This case was submitted on its merits to the court for automatic review under Article 66, UCMJ. Appellant personally asserts, *inter alia,* pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), that the convening authority's action "approving a dishonorable discharge in lieu of the adjudged dismissal, was improper and to the prejudice of appellant." We disagree.

### Facts

Appellant was convicted of pointing a loaded handgun at two young women. At the time of his trial, counsel for both sides, and the military judge, believed that appellant was a *commissioned* warrant officer. In response to appellant's R.C.M. 1105 matters asserting otherwise, the staff judge advocate prepared an addendum to his R.C.M. 1106 recommendation that read in pertinent part:

> b. *Defense alleges that the punishment of dismissal imposed on CW2 Walker is a legal error because he is not a commissioned officer.* The Defense is correct in asserting that CW2 Walker is not a commissioned officer. CW2 Walker was promoted to Chief Warrant Officer Two only

---

* In the Regular Army, initial appointments in the grade of W–1 are made by a "warrant" issued by the Secretary of the Army, whereas appointment in grades W–2 through W–5 are made by a "commission" issued by the President and effected by execution of an oath of commission. *See* 10 U.S.C. §§ 101(b)(1)–(3), and 571 (1996).

weeks prior to his criminal misconduct. CW2 Walker was flagged pending final disposition of his case and did not sign his Oath of Commission. The appropriate remedy for this would be to approve a dishonorable discharge in lieu of dismissal. Longstanding military case law provides that the difference between a dismissal and dishonorable discharge is one of terminology, not of substance.

## Discussion

Congress granted a court-martial convening authority broad power to "modify" the sentence of a court-martial as a "matter of command prerogative involving the sole discretion of the convening authority," including the authority to "approve, disapprove, commute, or suspend the sentence in whole or in part." UCMJ art. 60(c). However, that broad authority is not unlimited. The President, exercising his statutory authority under Article 36, UCMJ, has clarified that a convening authority may only "change a punishment to one of a different nature as long as the severity of the punishment is not increased." R.C.M. 1107(d)(1); accord United States v. Finster, 51 M.J. 185, 186 (1999) (convening authority has unfettered discretion to modify the sentence so long as there is no increase in severity).

The President prescribes the maximum limits of punishment that a court-martial may direct. UCMJ art. 56. Prior to 1943, the authorized punitive separation for all warrant officers, whether commissioned or not, was dismissal. United States v. Briscoe, 13 U.S.C.M.A. 510, 33 C.M.R. 42, 44 n. 1, 1963 WL 4811 (1963). Under current practice, the only authorized punitive separations are a dismissal for a commissioned warrant officer and a dishonorable discharge for a warrant officer who is not commissioned. R.C.M. 1003(b)(9)(A) and (B); 1003(c)(2)(A)(iv). Warrant officers, commissioned or not, may not receive a bad-conduct discharge. R.C.M. 1003(b)(9)(C). All warrant officers may be adjudged a punitive separation for any offense, notwithstanding the maximum punishment normally specified for that offense, but only at a general court-martial. R.C.M. 1003(b)(9)(A) and (B); 1003(c)(2)(A)(iv).

Historically, our superior court has held that there is no significant difference between a dismissal and a dishonorable discharge. See Briscoe, 33 C.M.R. at 44; United States v. Bell, 8 U.S.C.M.A. 193, 194, 24 C.M.R. 3, 4, 1957 WL 4684 (1957). This court has previously held that we may convert a commissioned warrant officer's adjudged and approved dishonorable discharge to a dismissal. United States v. Carbo, 37 M.J. 522, 523 (A.C.M.R.1993). Our sister court has similarly held that it may convert a noncommissioned warrant officer's adjudged and approved dismissal to a dishonorable discharge. United States v. Stockman, 43 M.J. 856 (N.M.Ct.Crim.App.1996), reversed as to sentence, 50 M.J. 50 (1998) (order) (legality of the lower court's decision mooted by subsequent honorable discharge of appellant).

We agree that, generally speaking, a dismissal and a dishonorable discharge are substantially equivalent. However, Articles 71 and 72, UCMJ, address significant differences between a dismissal and a dishonorable discharge that may prohibit conversion of one to the other in a particular case. Specifically, a commissioned officer's dismissal may not be executed, or the vacation of a suspended dismissal made effective, until approved by the Secretary concerned or his designated representative. UCMJ art. 71(b) and 72(b). There are no similar statutory restrictions for one sentenced to a dishonorable discharge. Additionally, under Article 71(b), UCMJ, if the sentence includes a dismissal, the Secretary may commute, remit, or suspend any part of the commissioned officer's sentence, not just the dismissal. Under this provision, a sentence that includes a dismissal carries significantly greater clemency opportunities than one that includes a dishonorable discharge. Finally, under Article 71(b), UCMJ, in time of war or national emergency, the Secretary concerned may commute a sentence of dismissal to reduction to any enlisted grade and require that person so reduced to serve until six months after the duration of the war or national emergency. In this scenario, an appellant who did not wish to serve in an on-going war or national emergency could find a dismissal to be signif-

icantly more prejudicial than a dishonorable discharge.

Appellant asserts that he was prejudiced by the convening authority's action, but does not explain how. Notwithstanding that his adjudged sentence included a dismissal, appellant is not entitled to have his entire sentence reviewed by the Secretary of the Army under Article 71, UCMJ, because he is not a *commissioned* officer or cadet. We are aware of no possible prejudice to appellant as a result of the convening authority's action in this case.

Appellant's sentence to dismissal was contrary to the President's declaration that noncommissioned warrant officers may be punitively separated only by a dishonorable discharge. Upon discovery of this error, the safer course of action by the convening authority would have been to order a post-trial proceeding in revision to correct the form of the adjudged separation. *Accord Bell*, 24 C.M.R. at 5; *see* R.C.M. 1102. Nevertheless, the intent of the adjudged court-martial sentence in this case is clear: the military judge sentenced appellant to be punitively separated from the Army under conditions of dishonor in an appropriate form of discharge as specified by the President. The convening authority's action accomplished that intent without increasing the punishment. R.C.M. 1107(d)(1).

We hold that the convening authority's conversion of appellant's adjudged dismissal to a dishonorable discharge was not unlawful. *See Bell*, 24 C.M.R. at 4–5, (convening authority's substitution of a dismissal for an adjudged dishonorable discharge was lawful where accused was a commissioned officer). If it was unlawful, the error did not materially prejudice a substantial right of the appellant. UCMJ art. 59(a).

### Decision

We have considered the remaining *Grostefon* matters personally asserted by appellant and find them to be without merit. The findings of guilty and the approved sentence are affirmed.

Senior Judge TOOMEY and Judge NOVAK concur.