**UNITED STATES, Appellee,**

v.

**Chief Warrant Officer Anthony M. CARBO, 262–19–7152, United States Army, Appellant.**

**ACMR 9100941.**

U.S. Army Court of Military Review.

23 Sept. 1992.

---

784

For Appellant: Captain Edward T. Keable, JAGC (argued); Captain James M. Heaton, JAGC, Captain Emmett G. Wells, JAGC (on brief).

For Appellee: Captain Robert J. Walters, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Joseph C. Swetnam, JAGC (on brief).

Before JOHNSON, WERNER, and GRAVELLE, Appellate Military Judges.

1. *See* Army Reg. 635–100, Personnel Separations—Officer Separations, para. 5–11 (1 May 1989).

## OPINION OF THE COURT

GRAVELLE, Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial of four specifications of false swearing, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982) [hereinafter UCMJ]. His sentence to a dishonorable discharge was approved by the convening authority.

The appellant raised the following issue:

APPELLANT, A COMMISSIONED WARRANT OFFICER, IS NOT SUBJECT TO A DISHONORABLE DISCHARGE.

After reviewing the record, this court specified the following related issue:

WHETHER THE RECORD OF TRIAL CONTAINS SUFFICIENT FACTS FOR THIS COURT TO DETERMINE IF THE APPELLANT WAS A COMMISSIONED WARRANT OFFICER AT THE TIME OF TRIAL.

We answer the specified issue in the negative, and find that we cannot determine from the record before us the appellant's status regarding commissioning. We are therefore unable to decide the above issue raised by the appellant and must return the record for a limited hearing pursuant to *United States v. DuBay,* 37 C.M.R. 411 (C.M.A.1967).

## I.

The appellant was convicted of four instances of lying under oath to a "show cause" board[1] convened at the Presidio of San Francisco to determine whether the appellant should be separated from the Army as a result of a California conviction for sexual battery. The board recommended his retention in the Army. At the "show cause" hearing, the appellant made a number of statements which the government believed were intentionally false. As a result, the appellant was court-martialed

for false swearing.[2] After the members found the appellant guilty and after presentation of evidence on sentencing, the following discussion preparatory to argument and instructions on sentencing occurred at an Article 39(a), UCMJ, session:

MJ: Sentence worksheet?

TC: Yes, your Honor. [Hands to court reporter.]

REPORTER: This will be Appellate Exhibit eight.

TC: [Hands document to military judge.]

MJ: [Examines document.] Have you read R.C.M. 1003[3], trial counsel?

TC: Yes, your Honor.

MJ: Well, if you look at it closely, you'll know that a warrant officer is not allowed to be sentenced to hard labor without confinement the same as a commissioned officer or senior enlisted. Have that deleted, please.

TC: Yes, your Honor.

MJ: Agree with that, defense?

DC: Defense agrees, your Honor. Also, with regard to the type discharge there. It lists dishonorable. Defense is of the position it should be dismissal.

MJ [sic]: No, he's not commissioned. At least, we can find no document that indicates that Mr. Carbo has been commissioned. It's not on your fiche either.

ACC: If I may, sir. I looked at that fiche and I've got the same fiche because at [sic] the continuation board coming up in July. And I called and asked my PMO about all that. And at home right now, sir, which is in Arizona obviously, I have a copy of my commissioning oath, a Harry Hoddel, or Major Harry Hoddle at that time,

brought all the W2s in, I believe it was in 87 or 88, I don't remember exactly what time frame. I was a part time or reservist. And he brought us in and he said if you want to stay, take this oath and sign this paper, and it was a commissioning oath, sir.

MJ: Well, there's nothing in your official record. And that's what I have to rely on.

ACC: Yes, sir.

MJ: Unless you can reach somebody on the phone, but I think that the [adjutant general] personnel are closed by now in Fort Ben Harrison or wherever they keep these things....

After a short recess, and after arguments and instructions in which the military judge advised the members that a dishonorable discharge was the only punitive separation option available to them on sentencing, the members sentenced the appellant to a dishonorable discharge.

Following trial, the trial defense counsel, pursuant to R.C.M. 1105, alleged a number of legal errors[4], including the improper sentencing of a commissioned warrant officer to a dishonorable discharge. Appended to the R.C.M. 1105 submission was a copy of a Dep't of Army, Form 71, Oath of Office—Military Personnel (1 Aug. 1959) [hereinafter DA Form 71]. The document contains the oath of office for commissioning. Subscribed on the form are the purported signatures of the accused and Major Hoddle signed on 13 September 1987, at Jacksonville, Florida. Printed on the document is the following instruction:

This form will be executed upon acceptance of appointment as an officer in the Army of the United States as indicated at top of form. Immediately upon re-

2. The appellant also asserts as error before this court that the staff judge advocate's involvement in the pretrial investigation and preferral of charges disqualified him from rendering the pretrial advice to the convening authority. We have examined this issue and find it to be without merit.

3. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1003 [hereinafter R.C.M.].

4. The defense counsel also questioned the legal and factual sufficiency of the evidence, as does the appellate defense counsel. We have reviewed this assertion of legal and factual insufficiency under the standards of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *United States v. Turner*, 25 M.J. 324 (C.M.A.1987), respectively, and find that it is without merit. Finally, we find the appellant's remaining assertion that the record is not verbatim is likewise without merit.

ceipt of notice of appointment, the appointee will, in case of acceptance, return to the agency from which received, the oath of office (on this form) properly filled in, subscribed and attested.

In addition, the following information is contained in the document:

Whenever any person is elected or appointed to an office under the Government of the United States, he is required, before entering upon the duties of his office, to make and subscribe the oath prescribed by Section 1757, Revised Statutes (5 U.S.C. 16, M.L.1949, Section 118) [now recodified as 5 U.S.C. § 3331].

. . . .

The oath of office may be taken before any commissioned officer of any component of any Armed Force, whether or not on active duty (10 U.S.C. 1031), . . . .

In the face of this new information, the staff judge advocate, in an addendum to his post-trial recommendation, merely indicated that he had "reviewed the matters submitted by the accused and I adhere to my original recommendation" to approve the sentence as adjudged. The convening authority approved the sentence.

Before this court, the appellant calls our attention to the DA Form 71 and argues that, because the appellant is a commissioned warrant officer, we cannot affirm the dishonorable discharge.

The government argues that the presumption of regularity accorded the personnel records properly admitted at trial is enough for us to reject the appellant's contention and to affirm the sentence as adjudged. As an alternative argument, the government asserts that the document is improperly executed and therefore invalid. The government points out a discrepancy on the face of the DA Form 71, wherein the block styled "Reserve Warrant Officer" is improperly checked. The correct block that should have been checked, asserts the government, is styled "Reserve Commissioned Officer." The government has also submitted an affidavit as an appellate exhibit from the Chief of the Personnel Actions Branch, Warrant Officer Division, U.S. Total Army Personnel Command

(PERSCOM), stating that the DA Form 71 was used to commission warrant officers in 1987. To become commissioned, the warrant officer had to correctly check the "Reserve Commissioned Officer" block on the form. However, the affiant also states that the checking of a wrong block on the form was common, and that it was standard practice in his office to simply correct the error. We note that this particular affidavit seems to undercut the government's alternate position.

II.

We judicially note that until about 1987, the Army, unlike the Navy and Marine Corps, had few, if any, commissioned warrant officers. In that year, Army warrant officers were afforded the opportunity to become commissioned warrant officers. Most accepted the offer.

As pointed out by the military judge at trial, R.C.M. 1003 provides that only a commissioned officer may be punitively separated from the service with an adjudged sentence of dismissal. R.C.M. 1003(b)(10)(A). A punitive separation by dishonorable discharge applies to warrant officers who are not commissioned. R.C.M. 1003(b)(2)(B). *See generally United States v. Briscoe,* 13 USCMA 510, 33 C.M.R. 42, 43–44 (C.M.A.1963).

In the case before us, the status of the appellant at the time of trial is critical. Unfortunately, the military judge did nothing to conclusively resolve the issue when it arose at trial. Worse, the staff judge advocate, in the face of facially credible evidence that the appellant may indeed be a commissioned warrant officer, ignored the problem and failed to resolve the issue at a time when the matter could have been best resolved. Instead, he only did what was minimally required of him under R.C.M. 1106 and merely disagreed with the defense counsel's contention. *United States v. Hill,* 27 M.J. 293, 297 (C.M.A.1988) (Cox, J., concurring); *United States v. Pollard,* 34 M.J. 1008 (A.C.M.R.1992); *United States v. Broussard,* 35 M.J. 665 (A.C.M.R. 1992). Because of the staff judge advocate's failure, we are asked to resolve the

 

issue based on conflicting and insufficient facts.

 We find that any presumption of regularity in the documents admitted at trial was destroyed by the appellant's submission of a facially credible oath of commissioning. The affidavit submitted by the appellate government counsel is singularly unhelpful to its position and to our resolution of the issue. The affidavit merely tells us that the discrepancy in the purported oath of commissioning is *de minimis*. It does not help us determine if the appellant was a commissioned warrant officer at the time of the court-martial. Nor does it tell us if the appellant was selected and appointed as a commissioned warrant officer, at what moment during the processing a warrant officer becomes "commissioned," when (if ever) the commissioning in this case became effective, whether the purported document evidencing the oath is authentic, if it was properly executed, or if it was properly returned to the agency from which received. *See, e.g.,* Dep't of Army Pamphlet 27-21, Military Administrative Law, para. 6-7 (1 October 1985).

We find that a determination of the appellant's status at the time of trial is not a matter to be resolved by affidavits. Rather it requires additional evidence from witnesses with expertise in military personnel matters and with knowledge of whether the appellant was in fact commissioned.

The record of trial is returned to The Judge Advocate General for such action as is required to conduct a limited hearing pursuant to *United States v. DuBay.* At the hearing, the military judge will receive all available evidence bearing on the issue of the appellant's status at the time of trial (and at the present time), and will answer as many of the unanswered questions set out above, and any other questions, as are necessary to resolve this issue. The military judge will permit the presentation of witnesses, including expert witnesses in military personnel law and processing, if necessary, and other evidence. The military judge will issue orders and rulings as are appropriate, and enter findings of fact and conclusions of law with respect to the issue. Once the issue is resolved factually, he will return a properly authenticated transcript of the hearing to The Judge Advocate General for further review by this court.[5]

Senior Judge JOHNSON and Judge WERNER concur.

---

5. If it is determined that the appellant was a commissioned warrant officer at the time of trial, no rehearing on sentence is necessary. During oral argument, appellate defense counsel agreed that this court has the power under Article 66(c), UCMJ, 10 U.S.C. § 866(c), and R.C.M. 1203 to modify the sentence and affirm a dismissal, as that change would not increase the punishment. *See* R.C.M. 1203(b), discussion, and R.C.M. 1107(d); *Briscoe,* 33 C.M.R. 42; *United States v. Alley,* 25 C.M.R. 63 (C.M.A. 1958); *United States v. Bell,* 24 C.M.R. 3 (C.M.A. 1957); *United States v. Smith,* 31 C.M.R. 382 (N.B.R.1961).