**UNITED STATES, Appellee,**

v.

**Chief Warrant Officer Two Anthony M. CARBO, 262–19–7152, United States Army, Appellant.**

**ACMR 9100941.**

U.S. Army Court of Military Review.

16 April 1993.

For Appellant: Lieutenant Colonel James H. Weise, JAGC, Major James M. Heaton, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Captain Robert J. Walters, JAGC (on brief).

Before WERNER, GRAVELLE, and HOSTLER, Appellate Military Judges.

### OPINION OF THE COURT ON FURTHER REVIEW

GRAVELLE, Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial of four specifications of false swearing, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982) [hereinafter UCMJ]. His sentence to a dishonorable discharge was approved by the convening authority.

On 23 September 1992, this court found that it was unable to determine from the record whether the appellant was a commissioned or noncommissioned warrant officer at the time of trial, such status being crucial in determining if a dishonorable discharge was lawfully adjudged by the court and approved by the convening authority in this case. We therefore returned the record of trial to The Judge Advocate General for a limited hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). *United States v. Carbo*, 35 M.J. 783 (A.C.M.R.1992). At that time, we ordered a military judge:

[To] receive all available evidence bearing on the issue of the appellant's status

at the time of trial (and at the present time), and [to] answer ... any other questions, as are necessary to resolve this issue. The military judge will permit the presentation of witnesses, including expert witnesses in military personnel law and processing, if necessary, and other evidence. The military judge will issue orders and rulings as are appropriate, and enter findings of fact and conclusions of law with respect to the issue. Once the issue is resolved factually, he will return a properly authenticated transcript of the hearing to The Judge Advocate General for further review by this court.

*Id.* at 787. We further ordered:

If it is determined that the appellant was a commissioned warrant officer at the time of trial, no rehearing on sentence is necessary. During oral argument, appellate defense counsel agreed that this court has the power under Article 66(c), UCMJ, 10 U.S.C. § 866(c), and R.C.M. 1203 to modify the sentence and affirm a dismissal, as that change would not increase the punishment. *See* R.C.M. 1203(b), discussion, and R.C.M. 1107(d); [*United States v. Briscoe,* 33 C.M.R. 42 (C.M.A.1963)]; *United States v. Alley,* 25 C.M.R. 63 (C.M.A.1958); *United States v. Bell,* 24 C.M.R. 3 (C.M.A.1957); *United States v. Smith,* 31 C.M.R. 382 (N.B.R.1961).

*Id.* 35 M.J. at 787 n. 5.

The limited hearing was held at the Presidio of San Francisco on 11 January 1993. After receiving testimony, the military judge determined that the appellant was, in fact, a commissioned warrant officer at the time of trial.

The record of proceedings have now been returned to this court for further review pursuant to Article 66(c), UCMJ. We have reviewed the record and are satisfied that the military judge's factual determination is supported by evidence of record. Having previously determined all other asserted issues adversely to the appellant, we will now affirm the findings of guilty and will convert the adjudged dishonorable dis-

charge to a dismissal pursuant to the authority cited above.

The findings of guilty and a sentence of dismissal are affirmed.

Senior Judge WERNER and Judge HOSTLER concur.